# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1000V

|  |  |
|---|---|
| HOWARD A. LASTER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2026 |

*Robert A. Davitch, Sidkoff, Pincus, & Green, P.C., Philadelphia, PA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 28, 2024, Howard A. Laster filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination administered to him on October 21, 2022. Petition, ECF No. 1. On August 26, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 26.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $72,115.77 (representing $65,682.80 in fees plus $6,432.97 in costs). Petitioner;s Motion for Attorney's Fees and Costs ("Motion") filed October 1, 2025, ECF No. 31. Furthermore, Petitioner filed a signed statement representing the no personal out-of-pocket expenses were incurred. ECF No. 35.

Respondent reacted to the motion on October 15, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent states that Petitioner filed an expert report that was unnecessary and without consulting the Respondent or the Chief Special Master.  Respondent also states that Petitioner's counsel's hourly rate is excessive.  Finally, Respondent states that the hours billed appear excessive. Respondents' response to Motion at ECF No. 32. On October 22, 2025, Petitioner filed a reply requesting that amount of fees and costs in the Motion be granted. ECF No. 33.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, as explained below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for work performed by attorney Robert Davitch require evaluation and adjustment. Petitioner requests a rate of $553.00 for work performed in 2023, $584.00 for work performed in 2024, and $627.00 for work performed in 2025 by new program attorney Robert Davitch. Mr. Davitch has been a licensed attorney since 1976 (ECF No. 31-2 at 2), placing him in the range of attorneys with 31+ years of experience based on the OSM Attorneys' Hourly Rate Fee Schedule.[3] As such, Mr. Davitch is eligible for hourly rates between $495.00 - $553.00 for time billed in 2023, $523.00 - $584.00 for time billed in 2024, and $562.00 - $627.00 per hour for time billed in 2025.

Although the requested rates fall within OSM's relevant range given his level of experience, they are on the range's highest end – despite his lack of experience handling Program matters, with this appearing to be his first Vaccine Act case. Overall experience dictates the tier, but other factors, including vaccine experience, determine where in the tier an attorney's rates will fall. Prior experience representing Petitioners in the Program is highly relevant to what hourly rate an attorney should receive. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience applying the factors relevant to determining reasonable hourly rates for Program attorneys, I hereby award attorney Robert Davitch the hourly rates of $520.00 for work performed in 2023, $560.00 for work performed in 2024, and

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

$605.00 for work performed in 2025. **This results in a reduction in the amount of attorney fees of $3,028.30.**[4]

## ATTORNEY COSTS

Petitioner is requesting reimbursement of $4,750.00 in expert costs for an expert medical report written by Samir Mehta, MD. ECF No. 1 exhibit 11. Neither the Respondent nor the Chief Special Master were consulted on this matter as required by the Guidelines for Practice Under the National Vaccine Injury Compensation Program which states, "the parties may not retain a medical expert, life care planner, or other expert without consulting each other and the Chief Special Master. Engaging experts is not routine in SPU cases and may not be found to be a reasonable cost depending on the circumstances of the case."[5] In this instance, I will grant the expert fees and the attorney hours billed by Petitioner's counsel in association with the expert.  However, counsel is hereby admonished that incurring expenses that have not been sanctioned by the Court may result in those expenses not being paid going forward.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 31-5 at 2-22. I find the requested costs reasonable and they are hereby granted in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $69,087.47 (representing $62,654.50 in fees plus $6,432.97 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

---

[4] This amount consists of reducing Robert Davitch's rates for 2023 from $553.00 to $520.00, 2024 from $584.00 to $560.00, and 2025 from $627.00 to $605.00 and is calculated as follows: ($553.00 - $520.00 = $33.00 x 41.3 hrs.) + ($584.00 - $560.00 = $24.00 x 46.2 hrs.) + ($627.00 - $605.00 = $22.00 x 25.3 hrs.) = $3,028.30.

[5] *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program, Chapter 3 § C(3), available at https://www.uscfc.uscourts.gov/sites/cfc/files/vaccine_guidelines.pdf.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master